UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>Michael A. Hammer<br>United States Magistrate Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 2042<br>Newark, NJ 07102<br>(973) 776-7858 |

July 5, 2022

**LETTER OPINION & ORDER**

Mr. Michael Camacho
474 15th Ave
Newark, NJ 07103

Re: ***Camacho v. Ocean Twp. Police Department, et al.*,**
   **Civil Action No. 19-21631 (CCC) (MAH)**

Dear Litigants:

This matter comes before the Court by way of Plaintiff Michael Camacho's motion for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). Mot. for Pro Bono Counsel, Apr. 29, 2022, D.E. 20. The Court has reviewed Plaintiff's submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided the motion without oral argument. For the reasons set forth below, Plaintiff's motion is denied without prejudice.

**BACKGROUND**

Plaintiff initiated this civil rights action by filing a Complaint against Defendants on December 19, 2019. Compl., Dec. 19, 2019, D.E. 1, at 2-3. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, and alleges that on March 18, 2018, Defendants entered the House of Hope – Plaintiff's prior residence – and confiscated several items from suitcases Plaintiff secured in a locker without a warrant. *Id.* at 4-5. Plaintiff seeks, among other things, monetary and punitive damages for the loss of his property and mental anguish allegedly caused by Defendants. *Id.* at 5.

1

Plaintiff first moved for the appointment of pro bono counsel on January 6, 2020. Mot. for Pro Bono Counsel, Jan. 6, 2020, D.E. 2. During the pendency of that motion, this action was administratively terminated without prejudice due to Plaintiff's failure to submit a complete in forma pauperis application. Order, Apr. 2, 2020, D.E. 3, at 2-3. Plaintiff filed an application to proceed in forms pauperis on June 11, 2020. Appl. to Proceed In Forma Pauperis, June 11, 2020, D.E. 6 ("IFP Appl."). The Court granted Plaintiff's application and reopened this matter on February 4, 2022. Order, Feb. 4, 2022, D.E. 10. Nearly three months later, on April 29, 2022, Plaintiff filed the instant motion, renewing his request for the appointment of pro bono counsel. Mot. for Pro Bono Counsel, D.E. 20. The Court considers the motion unopposed.

## DISCUSSION

The appointment of pro bono counsel in a federal civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). Courts nevertheless have the ability and discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d Cir. 2002). The decision to appoint counsel may be made at any point during the litigation, including sua sponte by the Court, *id.*, and "must be made on a case-by-case basis," *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993). The Third Circuit Court of Appeals has also cautioned that courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

The Court's analysis of the instant motion is guided by the multi-part framework set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d at 156-57. The Court must first assess "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499-500.

2

If the applicant's claim has some merit, the Court considers the following non-exhaustive factors:

> (1)  the plaintiff's ability to present his or her own case;
> (2)  the complexity of the legal issues;
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4)  the amount a case is likely to turn on credibility determinations;
> (5)  whether the case will require the testimony of expert witnesses; [and]
> (6)  whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

The Court assumes that Plaintiff's claims have merit, and turns to the first *Tabron* factor. In analyzing this factor, the Court considers a party's "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Courts also consider restraints in place by virtue of confinement, where a plaintiff is incarcerated. *Id.* In this case, neither the instant motion nor Plaintiff's in forma pauperis application mention his level of education, employment history, or litigation experience. *See* Mot. for Pro Bono Counsel, D.E. 20; *see also* IFP Appl., D.E. 6. Plaintiff has, however, stated that he lacks familiarity with the Rules of Evidence and that he "lacks the ability to present an effective case." Mot. for Pro Bono Counsel, D.E. 20, at 2.

The Court respectfully disagrees. The Complaint establishes Plaintiff possesses the ability to present the essential facts that form the basis of his case. It includes relevant dates, parties, and the location of the alleged unlawful search and seizure. *See* Compl., D.E. 1. Plaintiff has also moved for the return of seized property in Monmouth County Superior Court, Exhibit E to Compl., D.E. 1-5, at 2-4, and has filed letters with the Court advancing arguments and addressing the status of this case. *See, e.g.*, Pl.'s Letter-Request for Extension, Apr. 23, 2020, D.E. 4; Pl.'s Letter Adding Third Def., June 18, 2020, D.E. 8. The Court determines from the

foregoing that Plaintiff is literate, familiar with court procedures, and capable of presenting his case. This factor consequently disfavors the appointment of counsel.

The Court next considers the complexity of the legal issues in this case. Complexity exists and weighs in favor of appointment of counsel "where the law is not clear, as it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156. Courts also consider the "proof going towards the ultimate issue and the discovery issues involved." *Parham*, 126 F.3d at 459. Plaintiff argues the "[l]egal [i]ssues [in this matter] are complex," but has not stated the basis of his belief. *See* Mot. for Pro Bono Counsel, D.E. 20, at 2. On the other hand, the law concerning Plaintiff's cause of action is well-settled. "[A] § 1983 plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *see also Hilton v. Whitman*, Civ. No. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (explaining "[a] plaintiff must 'identify the exact contours of the underlying right said to have been violated'"). Plaintiff has not established or even suggested that his claims involve groundbreaking legal issues. The Court is therefore constrained to conclude the legal issues involved in this matter are not complex. The Court is unable to assess the complexity of the discovery issues in this case because the parties have not yet engaged in discovery.[1] In sum, at this juncture, the second *Tabron* factor weighs against the appointment of counsel.

---

[1] As of the date of this Letter Opinion and Order, the parties are scheduled to appear before the Undersigned for a Rule 16 scheduling conference on August 11, 2022, at 2:00 p.m. Order, May 5, 2022, D.E. 22.

The Court next considers the degree to which factual investigation will be necessary and Plaintiff's ability to pursue such investigation. The Third Circuit has stated that "courts should consider a prisoner's inability to gather facts relevant to the proof of his claim" in analyzing this factor. *Montgomery*, 294 F.3d at 503. "[T]he court may also consider the extent to which prisoners and others suffering confinement may face problems pursuing their claims," such as "where the claims are likely to require extensive discovery and compliance with complex discovery rules." *Tabron*, 6 F.3d at 156 (citing *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992)). Plaintiff states that "factual investigation will be necessary," but has not addressed or demonstrated an inability to undertake that investigation. *See* Mot. for Pro Bono Counsel, D.E. 20, at 2. Plaintiff was incarcerated when he initiated this matter, but has since been released from custody. IFP Appl., D.E. 6, at 2; Pl.'s Notice of Address Change, Mar. 25, 2022, D.E. 16. Moreover, it is clear that Plaintiff is aware of the core facts that form the basis of his claims. He contends that an unlawful search and seizure occurred on a specific date (March 18, 2018), at a specific location (the House of Hope), and that specific items were taken by certain Defendants. Compl., D.E. 1, at 4-8; *see* Exhibit C to Compl., D.E. 1-3; *see also* Exhibit D to Compl., D.E. 1-4. Plaintiff has also acquired several records relevant to his claims, including a copy of House of Hope's moving policy, Exhibit D to Compl., D.E. 1-4, at 2, and excerpts of probable cause affidavits allegedly completed by Defendant Melody, Exhibits C and E to Compl., D.E. 1-4, at 1, 3. The Court discerns from the foregoing that Plaintiff understands what records are of importance and how to request those materials. This factor therefore weighs against the appointment of counsel.

The Court examines the amount a case is likely to turn on credibility determinations in analyzing factor four. *Parham*, 126 F.3d at 460. Because most cases require at least some

5

credibility determination, the Third Circuit has instructed courts to consider "whether the case [will be] solely a swearing contest." *Montgomery*, 294 F.3d at 505 (citing *Parham*, 126 F.3d at 460). "[A] 'swearing contest' occurs when the resolution of the case 'may well depend on nothing more than whom the finder of fact believes.'" *Abulkhair v. U.S. Postal Serv.*, Civ. No. 13-7796, 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014) (quoting *Wassell v. Youkin,* Civ. No. 07–326, 2008 U.S. Dist. LEXIS 1820, at *14 (W.D. Pa 2008)). The Court can only surmise as to whether credibility determinations will dictate the outcome of this case, as Plaintiff has not addressed this factor and the parties have not begun the discovery process. It is unclear whether documents substantiating the parties' claims and defenses will be produced, or whether the parties will largely rely upon credibility. The Court consequently concludes this factor is neutral.

The Court asks whether this matter will require the testimony of expert witnesses in considering factor five. *Parham*, 126 F.3d at 460. Plaintiff's motion fails to specify what expert testimony Plaintiff requires in making his case against Defendants. *See* Mot. for Pro Bono Counsel, D.E. 20. Accordingly, this factor weighs against the appointment of counsel.

The Court lastly considers Plaintiff's ability to afford and retain counsel. *Tabron*, 6 F.3d at 156. As previously noted, Plaintiff has been permitted to proceed in forma pauperis. Order, D.E. 10. Plaintiff's in forma pauperis application states that during his incarceration, his income averaged "$1.30/per day excluding weekends." IFP Appl., D.E. 6, at 2. The instant motion does not address whether Plaintiff's income has changed since his release from custody. *See* Mot. for Pro Bono Counsel, D.E. 20, at 2-4. Nor does the motion explain whether Plaintiff is unable to obtain counsel because of his current financial circumstances. *See* Mot. for Pro Bono Counsel, D.E. 20, at 2-4. Plaintiff states, for example, that he "do[es] not Have the Assets, Knowledge or skill to Argue [sic] against an attorney with years of experience." *Id.* at 4. In response to the

6

question "[i]f you have been unable to attain an attorney, please explain why," however, Plaintiff answered "Attorne[y] not taking on new case" and "attorney not doing Federal Civil [sic] actions." *Id.* at 2. The Court is therefore unable to determine whether Plaintiff's current financial status weighs in favor of appointing counsel. Even assuming that there has been little change in Plaintiff's monetary circumstances, indigence alone does not warrant the appointment of pro bono counsel. *Clinton v. Jersey City Police Dep't*, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009); *see also Johnson v. De Prospo*, Civ. No. 08-1813, 2009 WL 276098, at *3 (D.N.J. Feb. 5, 2009). The *Tabron* factors, when balanced, disfavor the appointment of counsel in this matter. Plaintiff's motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for the appointment of pro bono counsel, D.E. 20. The denial is without prejudice to Plaintiff's right to renew his application at a later date.

                                       */s Michael A. Hammer*
                                       **Hon. Michael A. Hammer,**
                                       **United States Magistrate Judge**